14257

SELLS LUMBER & MANUFACTURING CO. v. CARR LUMBER CO.

(184 S. E., 674)

*Mr. W. B. McGowan,* for appellant,

*Messrs. Mann, Plyler & Arnold* and *W. E. Breese,* for respondent,

March 17, 1936.

The opinion of the Court was delivered by Mr. Justice Carter.

This action by Sells Lumber & Manufacturing Company, a corporation, as plaintiff, against Carr Lumber Company, a corporation, defendant, was commenced in the Court of Common Pleas for Greenville County, April 1, 1932, and is for the recovery of the sum of $645.60 for a carload of lumber. In the agreed statement of counsel for the litigating parties the facts and issues necessary for an understanding of the case are set forth as follows: "The plaintiff seeks to hold the Carr Lumber Company of Pisgah Forest, North Carolina, a North Carolina corporation, for the sales price of a car load of lumber sold and delivered to the Carr Lumber Company at Greenville, S. C., operated by C. G. Jordan, upon the theory of agency by estoppel. The complaint alleges that the defendant company of North Carolina for many years prior to the transaction in question allowed and permitted C. G. Jordan, of Greenville, S. C., to do business under the name of the Carr Lumber Company, the name of the defendant company; to hold himself out under the name of the Carr Lumber Company as the fully accredited agent and representative of the defendant corporation of North Carolina; that the defendant corporation of Carolina was a company of financial responsibility well known throughout the Southeast; and that the plaintiff acting upon the appearances was misled and changed its position to its detriment by selling and delivering to the Carr Lumber Company, of Greenville, S. C., a car load of lumber at the instance and request of said company, the plaintiff alleging that it was misled in the belief that the Carr Lumber Company of Greenville, S. C., was the fully accredited agent of the defendant, Carr Lumber Company of North Carolina, and that the two concerns were one and the same. The defendant, Carr Lumber Company of Pisgah Forest, North Carolina, denies that the Carr Lumber Company of Greenville,

S. C., was its agent, and denies that it had authorized or permitted C. G. Jordan, trading under the name of Carr Lumber Company of Greenville, S. C., to do business under its name or to hold itself out as its agents; the defendant company of North Carolina alleges that the only business it had with C. G. Jordan of the Carr Lumber Company of Greenville, S. C., was that C. G. Jordan of the Carr Lumber Company of Greenville, S. C., handled the products of the defendant company on a consignment basis."

The case was tried in said Court before his Honor, Judge G. Dewey Oxner, and a jury, at the May, 1934, term, resulting in a verdict for the defendant. The plaintiff's motion for a new trial being refused, upon due notice the plaintiff appealed to this Court from the entry of judgment on the verdict, upon exceptions which will hereinafter be considered.

Under the first exception the appellant imputes error to the trial Judge in confining and restricting the plaintiff's testimony in certain particulars. This exception reads as follows: "The presiding Judge erred in confining and restricting the plaintiff's testimony to only such instances of C. G. Jordan under the name of the Carr Lumber Company of Greenville, S. C., holding himself out as the agent of the defendant Carr Lumber Company of North Carolina as were actually known of by the company of North Carolina and known of and relied on by the plaintiff in making the sale, the error being that all the circumstances and instances of holding out are competent and admissible on the question of agency by estoppel to establish the notoriety of the holding out from which the jury may or may not conclude that the defendant company of North Carolina in the exercise of reasonable diligence could and should have discovered and known of the fact that the Carr Lumber Company of Greenville, S. C., was holding itself out to the public as the agent of the Carr Lumber Company of North Carolina and doing business under its name."

A reading of the testimony convinces us that this exception is not well taken. As we view the record, the trial Judge did not confine the testimony to such instances of C. G. Jordan, under the name of Carr Lumber Company, of Greenville, S. C., holding himself out as the agent of the defendant, Carr Lumber Company of North Carolina, as were actually known of by the company of North Carolina and known of and relied upon by the plaintiff in making the sale; but his Honor permitted the plaintiff to introduce testimony tending to show facts and instances contended for by the plaintiff-appellant, notwithstanding that it was not shown that such facts and instances were known to the plaintiff or the defendant at the time in question. By reference to the testimony of the witness, A. W. Allison, who testified for and on behalf of the plaintiff at the trial of the case, it will be seen that the trial Judge ruled that the witness could testify as to the circumstances, although it was not shown that such facts and circumstances were brought home to the parties involved and relied upon by them. In this connection his Honor made the following ruling: "I think he is confined, as I said as to the other witness, to state the circumstances, he can state the circumstances there was to the name in the telephone directory and name on the warehouse and so forth. I am going to admit the circumstances and so forth, that is all."

In our opinion the appellant was not prejudiced by this ruling, and we think the plaintiff, during the trial, got the benefit of all competent testimony. The exception must be overruled.

The second exception reads thus: "The presiding Judge erred in not permitting the witness Allison to testify that C. G. Jordan under the name of the Carr Lumber Company made quotation of prices to him F. O. B. Pisgah Forest, North Carolina, the error being that such was an instance of the Carr Lumber Company of Greenville, S. C., holding itself out as the agent of the defendant com-

pany of North Carolina and doing business under its name and as such competent and admissible to establish that Carr Lumber Company of North Carolina either knew or in the exercise of reasonable diligence could have discovered the fact that the Carr Lumber Company of Greenville, S. C., was doing business under its name and holding itself out as its agent."

In our opinion the appellant was not prejudiced in the manner contended. This appears from what took place during the examination of this witness, which we quote, in part, as follows:

"Q. Mr. Allison, what is your business? A. Commission lumber.

"Q. How long have you been in business? A. About thirty years.

"Q. How long have you been in business in Greenville? A. Twelve years.

"Q. Have you had occasion to observe the operation of the Carr Lumber Company in the City of Greenville? A. I have had occasion to ask them for prices on lumber from time to time.

"Q. How was that concern here operated? A. Mr. Jordan had charge of the office.

"Q. In what name was it operated? A. Carr Lumber Company.

"Q. Did you ever see their stationery? A. No, sir.

"Q. Did you ever see their warehouse here? A. Yes, sir.

"Q. What name was printed on the warehouse? A. Carr Lumber Company.

"Q. And on the trucks? A. I didn't see any trucks.

"Q. Did you ever look them up in the telephone book? A. I think so, yes, sir.

"Q. How were they listed in the telephone book? A. As I remember Carr Lumber Company.

"Q. Did you ever have occasion to do business with them? A. I asked them for prices on a number of occasions.

"Q. How were their prices quoted? A. I asked for particular prices on certain grades of material.

"Q. How were they quoted, now? A. Mr. Jordan quoted them.

"Q. From where? A. Come from Carr Lumber Company at Pisgah Forest.

"By Mr. Plyler: If your Honor please, let's have the writing on that. He said they were quoted that way. Are those oral quotations? A. Yes, sir.

"Q. Where did you get them from? A. Mr. Jordan.

"So, we object to that answer.

"The Court: It is a—is it not a conversation which this witness had with Mr. Jordan?

"By Mr. Plyler: Yes, sir, but he—

"The Court: Mr. McGowan, I don't think that amounts to declarations by Mr. Jordan.

"By Mr. McGowan: It is a holding out, if your Honor please, which we propose to show by this witness that Mr. Jordan was holding out as a representative of the Carr Lumber Company. The issues are very broad on the question of agency by estoppel. Any circumstances which will show a holding out or a representation, and that is what we are proposing to show.

"By Mr. Plyler: There is no evidence to connect this up that Carr Lumber Company of Pisgah Forest knew anything about it or consented to it directly or indirectly.

"The Court: Well, I doubt the competency of that. Declaration by Jordan to this witness, statement made by Jordan to this witness, I am inclined to think it would be inadmissible.

"By Mr. McGowan: We were not introducing it as a declaration, but as method of doing business.

"The Court: All right, go ahead, I will admit it.

"By Mr. Plyler: May I make this further statement, your Honor?

"Q. You were not connected with Sells in any way? A. No, sir.

"There is no testimony that Sells knew anything about what Jordan and this man was talking about.

"The Court: How about that, Mr. McGowan; you have to show that, you are confined to show what they relied on?

"By Mr. McGowan: Your Honor, I am showing this to show an item of holding out, a particular instance of holding out, that he was holding out and created the impression generally that he was the agent of Carr Lumber Company; I am showing it by this witness and I will show it by other witnesses, that on number of occasions he has held himself out and to the lumber trade generally that he was the Carr Lumber Company doing business here for Carr Lumber Company, and under the name of Carr Lumber Company, and we will show that on the appearance, on the strength of the dealings that had been created; Mr. Mayes testified about that.

"The Court: Gentlemen, I restrict his testimony to the fact that he relied on that."

After hearing further argument on the question of admission of testimony, the trial Judge excused the jury from the room and proceeded to take certain testimony in the jury's absence. Thereafter, upon the return of the jury, his Honor made the ruling which we quoted above in our consideration of the first exception. In our opinion the plaintiff-appellant was not prejudiced by his Honor's ruling on the question of admission of testimony, and, therefore, this exception is also overruled.

Exceptions 3 and 4, reading as follows, will be considered together:

"3. The presiding Judge erred in charging the jury that the defendant company of North Carolina must have actually known of and acquiesced in the fact that the Carr Lumber Company of Greenville, S. C., was holding itself out and purporting to act as the agent of the defendant com-

pany of North Carolina, the error being that actual knowledge and acquiescence are not necessary on the part of the alleged principal, knowledge may be imputed to the alleged principal where the conduct of the alleged agent in holding himself out as the agent of the alleged principal and doing business in his name is so notorious and open that the alleged principal in the exercise of reasonable diligence could have discovered the facts.

"4. The presiding Judge erred in charging the jury that the plaintiff has the burden of proving by the preponderance of evidence that the plaintiff knew and relied on the facts that Jordan was the agent of the Carr Lumber Company of North Carolina, the error being that such a charge nullifies the law of appearance which is the basis of the theory of agency by estoppel."

The questions raised by these exceptions can best be understood by reference to certain parts of his Honor's charge. In his charge to the jury his Honor made it clear that the plaintiff was seeking to establish what is known in law as agency by estoppel, and that the burden was upon the plaintiff to establish agency by estoppel, as alleged in the complaint, by the greater weight of the evidence. In this connection we call attention to the following language used by his Honor:

"The plaintiff seeks to establish in this case what we know in law as agency by estoppel. The defendant denies that there was any such agency by estoppel in this case; so that the burden is upon the plaintiff to establish agency by estoppel as alleged here in the complaint by the greater weight or preponderance of the evidence. The burden is upon the plaintiff of establishing the material allegations of his complaint in this case by the greater weight or preponderance of the evidence; and that does not mean necessarily by the greater number of witnesses, it means by the greater weight of the truth as you shall find it. Now, apparent or ostensible agency exists where the principal intentionally or by want

of ordinary care induces third persons to believe another to be his agent when in fact he did not employ such a person. When a person by words or conduct represents or permits it to be represented that another is his agent he will be estopped to deny such agency as against third persons who have dealt on the faith of such representation with the person so held out as agent, even if no agency exists in fact; it is what we know as agency by estoppel. The rule is set forth here in Meechem on Agency, Sec. 68, where the rule is stated as follows: 'It may therefore be stated as a general rule that whenever a person has held out another as his agent authorized to act for him in a given capacity; or has knowingly and without dissent permitted such other to act as his agent in that capacity; or where his habits and course of dealing have been such as to reasonably warrant the presumption that such other was his agent authorized to act in that capacity; whether it be in a single transaction or in a series of transactions—his authority to such other to so act for him in that capacity will be conclusively presumed, so far as it may be necessary to protect the rights of third persons who have relied thereon in good faith and in the exercise of reasonable prudence; and he will not be permitted to deny that such other was his agent authorized to do the act he assumed to do, provided that such act was within the real or apparent scope of the presumed authority.'

"Now, Mr. Foreman, and gentlemen of the jury, before there can be any agency by estoppel such conduct or words on the part of the person seeking to be held as the agent of another, such conduct or words must be done with the knowledge and acquiescence of the person sought to be held as the principal. The party seeking to establish such agency must go further and he must show that he relied on such conduct in good faith and in the exercise of reasonable prudence, and he must go further, and he must have showed that relying on such conduct that he changed his position to his detriment. In other words, the person sought to be held

must have known of the conduct of such other party and it must have been with his acquiescence, and the party seeking to establish such agency by estoppel he must have relied upon such conduct in good faith and in the exercise, as I say, of reasonable prudence, and acting thereon he must have changed his position, it must have induced him to have changed his position."

After thus charging the jury, in compliance with request by counsel for plaintiff, his Honor further charged the jury in the following language:

"The Court: Anything else from the plaintiff?

"By Mr. McGowan: Your Honor, I think the statement just made, the conduct of the alleged agent must have been known to the alleged principal; I don't think that would mean the particular transaction must have been known to the alleged principal, but that it should mean that the alleged principal knew generally that he was doing business here in their name; not in the particular transaction.

"The Court: That is true, Mr. Foreman and gentlemen of the jury; the alleged principal, the person sought to be held as principal need not to have actual knowledge of the particular act upon which he is sought to be charged, but it is necessary that he have knowledge of the general conduct of the other party in which the other party holds himself out as his agent, if such is a fact; is that—

"By Mr. McGowan: That is all, that is very clear, nothing further."

We find no error as contended by appellant under Exceptions 3 and 4, and certainly no prejudicial error. Therefore, these exceptions must be overruled.

Exception 5, which is appellant's last exception, reads as follows: "In refusing to charge the plaintiff's request that the exercise of reasonable diligence in dealing with an alleged agent does not require an active investigation, the error being that in cases of agency by estoppel the person dealing with the ostensible agent has the right to

rely on appearances and the exercise of reasonable diligence does not require an affirmative investigation to ascertain the authority of the agent."

As we understand the record, the following is the request referred to, which was presented by appellant orally at the close of the charge: "By Mr. McGowan: Your Honor, another thing occurred to me; I think possibly it might be well to call to the jurors' attention that the exercise of reasonable diligence in dealing with an alleged agent does not legally require any active investigation, as the case in 55 S. C., that your Honor has there."

In answer to this request the trial Judge charged as follows: "Mr. Foreman and gentlemen, I charge you that he is required to do that which a man of ordinary caution and prudence would do under the circumstances. I think that is the rule, Mr. McGowan. I can't tell you, charge you on the facts, Mr. Foreman and gentlemen of the jury, under the law of this State, but I charge you, that he must do, act as a man of ordinary caution and prudence would act under such circumstances."

We think his Honor charged the law correctly, and we are, therefore, unable to sustain the exception.

All exceptions are overruled, and it is the judgment of this Court that the judgment of the Circuit Court be, and the same is hereby, affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker and Fishburne concur.